CR 01-56 L

**REQUEST FOR APPOINTED COUNSEL**

I am Thomas L. Harmon, and I am unable to afford counsel for the purpose of making a motion to the court to review my sentence under the Retroactive Guideline Amendment. I hereby request that counsel be appointed by the court to assist me.

Thomas L. Harmon - Defendant [signature]

Criminal Case Number 1:01CR00056-01L

Date 4/9/08

**Thomas L. Harmon**
**FCI — Estill Satellite Camp**
**Registry #98401-071 Unit F**
**P.O. Box 699**
**Estill, SC 29918**

**Thomas L. Harmon**
**FCI -- Estill Satellite Camp**
**Registry #98401-071 Unit F**
**P.O. Box 699**
**Estill, SC 29918**

April 7th, 2008

Federal Public Defender
10 Weybosset
Suite 300
Providence, RI 02903

Re: Request For Appointed Counsel For §3582(c)(2) Re-Sentencing
Pursuant to Amendment 706

To Whom It May Concern:

My name is Thomas L. Harmon. I am currently incarcerated at the FCI Satellite Camp in Estill, South Carolina. However, my criminal "crack-cocaine" case was in U.S. District Court in Providence, Rhode Island. I have been incarcerated for approximately seven (7) years.

I believe I qualify for a two (2) level sentencing guideline reduction and therefore, a §3582(c)(2) re-sentencing proceeding for a sentence reduction. I am an educated but INDIGENT inmate, and therefore, I am requesting the Federal Public Defender to Appoint Counsel for me, for the purpose of reviewing my "crack-cocaine" charge and case file and in the filing of a motion to reduce to my sentence, pursuant to Amendment 706. Additionally, since I was sentenced prior to the cases <u>Booker</u>, <u>Kimbrough</u>, <u>Gall</u> and <u>Rita</u>, I would like for Appointed Counsel to review all of the related issues therein to my specific case facts, for additional prospective benefit in my re-sentencing.

At the very least, Appointed Counsel can ensure a smoother process for §3582(c)(2) re-sentencing proceedings. There would be many institutional efficiencies furthered by appointing counsel, including the increased likelihood of arriving at a negotiated settlement, since the government cannot negotiate directly with a defendant, especially one who is incarcerated more than 1,000 miles away from both the prosecutor and court.

In sum, whether required as a matter of right under Mempa or merely advisable in the interest of fairness and efficiency, to ensure an accurate basis for the sentence as required by Townsend, and to ensure that I am not denied due process and equal protection of the laws, counsel should be appointed for me forthwith, as I am arguably eligible for a sentence reduction under §3582(c)(2) and additional consideration should be given to the Court for consideration pursuant to Booker, Kimbrough, Rita and Gall, as I was sentenced approximately seven (7) years ago, prior to the existence of this controlling case law.

In closing, with the Appointment of Counsel I would consent to the waiving of my right to a hearing and the right to be present at my re-sentencing. I thank you in advance for your time and assistance in this regard.

Sincerely,

Thomas Harmon

Thomas L. Harmon

CC: U.S. District Court, The Honorable Judge
Clerk of the Court